Bond, Circuit Judge.
In 1857 Mary Tarrant died seised of certain real estate in Virginia. She left surviving her three children and two-grandchildren, one of whom was Mary E. O. Tarrant. The original Mary Tarrant died intestate, and Mary E. O. Tarrant was one of her heirs at law. The real estate of Mary Tarrant, by proper proceedings in the circuit court of the city of Norfolk, was duly partitioned among her heirs, and among other property allotted to Mary E. O. Tarrant was a certain tract of land in the county of Norfolk, Va., part of the original tract of which Mary Tarrant died seised. After this partition Mary E. O. Tarrant intermarried with one Charles Dashiel, and, still being seised of the real estate, by deed dated August 24, 1869, duly recorded, she- and her husband conveyed it to George A. Martin and to E. J. Bennett and Robert McCurdy, with general warranty. By a deed of even date and delivery with the last-mentioned deed, and as a part of the same transaction, the parties grantees in it conveyed to T. F. Owens, as trustee, the lands so conveyed to them, to secure the purchase money for which notes had been given. Martin & Elliott, Bennett, and McCurdy having defaulted in payment of these notes, T. F. Owens sold the property at public auction to Gilbert Elliot. Gilbert Elliot, November 8,. 1871, conveyed the land to Charles Stewart, who by deed dated April 8, 1880, conveyed the same to Richard H. McDonald, the complainant, who took undisturbed possession of the land. On the 26th of June, 1884, Charles Dashiel and his wife, Mary E. 0. Dashiel, conveyed toObed E. Whitehurst one undivided half interest in so much of said tract awarded to her in the partition of her grandmother’s estate as lies-between high-water mark and the channel of the Elizabeth river, and by another deed, in 1887, they conveyed the other undivided half to Joseph B. Allen. This bill is filed to remove this cloud from and toqui et title.
It is altogether likely, if not quite certain, though it- does not distinctly appear in the record, that when Mary E. O. Tarrant and Charles Dashiel, her husband, conveyed to Elliot, Martin, Bennett, and McCurdy their interest in the 37$ acres of land allotted to Mary E. O. Tarrant by the circuit court of Norfolk, the description in that deed followed the metes and bounds in the commissioner’s report. They make no reservation of any riparian rights in the deed, and if she had any rights riparian *635 derived from the fact that she was seised of the land back of the water front, and bounded by the river, when she conveyed by the same metes and bounds the land in partition acquired, she conveyed, unless the deed made some reservation, all the rights, privileges, and appurtenances which title to the land gave her. By the law of Virginia, the rights of riparian owners extend to low-water mark. French v. Bankhead, 11 Grat. 136. But whether or not the description of the land made in the deed from Mary E. O. Tarrant and her husband, Dashiel, to Elliot, Martin, Bennett, and McCurdy, corresponded exactly with the metes and bounds given in the report of the commissioners, the description in that deed is sufficient to convey to the grantees all the riparian rights which the ownership of the land could give, incident and appurtenant to adjacent land. One of the boundaries in this deed is in the following-words: “Thence south, 32 degrees west, 12.15 chains,” to a stake at high-water mark on the Elizabeth river; thence north, 57 degrees 15 seconds west, 17.90 chains, to the corner of J. W. Brinton’s land. The only corner which Brinton’s land there makes is with the Elizabeth river. The supreme court in County of St. Clair v. Lovingston, 23 Wall. 46, and Railroad Co. v. Schurmeier, 7 Wall. 272, has settled this question for us. “It may be considered,” say the court, “a canon in American jurisprudence that where the calls in a conveyance of land are for two corners at, in, or on a stream, or its bank, and there is an intermediate line extending from one such corner to the other, the stream is the boundary, unless there is something which excludes the operation of this rule by showing the intention of the parties was otherwise.” There is nothing here, either in the deeds themselves or in the conduct of the parties, who waited 15 years before finding out that they had any claim to riparian rights, to show any reason to exclude the operation of this canon of American jurisprudence, or that the grantors in the deed to Elliot, Martin et al. did not intend to come under it. We have not answered seriatim the errors assigned, but what we have said answers them all. We think the decree of the court below was the proper one to make, and it is affirmed, with costs.